UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NORMANDEAU,<br><br>    Plaintiff,<br>v.<br><br>JONES SKELTON & HOCHULI,<br>*et al.*,<br><br>    Defendants. | Civil No. 10cv1447 JAH(AJB)<br><br>**ORDER DISMISSING *SUA SPONTE* COMPLAINT AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL AS MOOT** |

    Plaintiff David Normandeau ("plaintiff") filed, *pro se*, a complaint seeking relief against defendant Jones, Skelton & Hochuli ("defendant") and DOES 1 through 200, on July 12, 2010, under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), namely 18 U.S.C. § 1964(c) & 1962(d).  Doc. # 1.  Plaintiff also filed motions to proceed *in forma pauperis* and for appointment of counsel.  Docs. # 2, 3.

    All parties initiating any civil action, suit, or proceeding in a United States district court, except those applying for a writ of habeas corpus, must pay a filing fee of $350. CivLR. 4.5; *see* 28 U.S.C. § 1914(a).  An action may proceed, despite a plaintiff's failure to pay the entire fee, only if the plaintiff is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(a); *see* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  When a plaintiff seeks to proceed *in forma pauperis*, the court must, *sua sponte,* review the complaint and dismiss it if the court finds the complaint is frivolous or malicious, or if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C.

§ 1915(e)(2)(B)(i)-(ii); Lopez v. Smith, 203 F.3d 1122, 1126-28 (9th Cir. 2000) (*en banc*).

Plaintiff seeks relief under RICO. Doc. # 1. A civil claim under RICO requires a plaintiff to allege that an enterprise's conduct, through a pattern of racketeering activity, proximately caused injury to the plaintiff. 18 U.S.C. § 1961 *et seq*.; Swartz v. KPMG LLP, 476 F.3d 756, 760-61 (9th Cir. 2007). Specifically, the elements of a civil RICO claim include: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts"), (5) which cause injury to plaintiff's business or property. Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).

To establish a "pattern of racketeering activity," plaintiff must allege at least two acts of racketeering activity, one of which occurred after [October 15, 1970] and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). "Racketeering activity" includes, *inter alia*, any act or threat involving murder, kidnapping, or dealing in controlled substances. 18 U.S.C. § 1961(1)(A). It also includes activities related to procuring, reproducing, or selling naturalization or citizenship papers. 18 U.S.C. § 1961(1)(B).

Further, to establish liability under RICO, "one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Living Designs, Inc., 431 F.3d at 361; *see also* 18 U.S.C. § 1962. A "'person' includes any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

Plaintiff alleges, in his complaint that, during the prosecution of a case pending in this District in 1995, "a conspiracy to commit the murder of this plaintiff was born ... in which defendant Jones, Skelton and Hoculi have a hand in ..." Doc. # 1 at 3. Plaintiff further alleges this conspiracy somehow involved "stalking of a Tresa of whom was a waitress at the downtown San Diego Star of India Restaurant and ... the Bandar

1  Restaurant and an Ana of whom was and may remain a bartender at the downtown San
2  Diego Star Bar." Id.  Plaintiff alleges that he also received death threats from Bob Harris
3  and Ana of the Star Bar of which defendant "hand a hand in." Id. at 4.  In addition,
4  plaintiff alleges he received threats from employees at two separate painting contractor
5  companies and alleges he attempted to inform the "Justice Department" and the FBI about
6  the threats to no avail[1] but does not explain how these threats relate to the sole named
7  defendant. Id. at 6.  Plaintiff also presents allegations concerning a contract dispute that
8  occurred in 1989, a "minor consentual (sic)" affair with ... plaintiff's then brother-in-law's
9  wife," certain relationships with women while he resided in Las Vegas, Nevada, and a
10 woman whom plaintiff met while he was at a mental hospital in Las Vegas, all of which
11 plaintiff claims were somehow related to defendant and the alleged conspiracy. *See* id. at
12 9-18.  Plaintiff lastly alleges that his "purported parents" participated in the defendant's
13 conspiracy in 2009 through an "attempt to have plaintiff go [to church] on Friday nights
14 apparently for the sole purpose of manufacturing false and fraudulent evidence of
15 stalking." Id. at 19.

16     This Court finds that plaintiff's complaint fails to state a claim under the RICO
17 statute.  Plaintiff does allege that defendant engaged conduct that may be considered
18 racketeering activity, that is, attempted murder.  18 U.S.C. § 1961(1)(A).  Plaintiff,
19 however, has failed to establish a pattern of racketeering as defined by the statute.
20 18 U.S.C. § 1961(5). Further, while plaintiff alleges that several individuals were involved
21 in criminal conduct with defendant, thereby establishing the possibility of an enterprise,
22 plaintiff has failed to allege how the named individuals are associated with defendant or
23 how they engaged in the alleged racketeering activities.  Living Designs, Inc., 431 F.3d
24 at 361.  Therefore, plaintiff has failed to state a claim for which relief may be granted. *See*
25 28 U.S.C. § 1915(e)(2)(B)(ii).  Accordingly, this Court finds the instant complaint must
26 be DISMISSED for failure to state a claim upon which relief may be granted.

27

28     [1] Plaintiff explains that he did speak to the FBI "briefly ... prior to being taken to Saint Elisabeths mental hospital for about two months."  Compl. at 6.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant complaint is **DISMISSED**, *sua sponte,* for failure to state a claim upon which relief may be granted;
2. Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot;** and
3. Plaintiff's motion for appointment of counsel is **DENIED as moot**.

DATED:   July 27, 2010

JOHN A. HOUSTON
United States District Judge